IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| **ROBERT TROY McCLURE** | § | |
| v. | § | CIVIL ACTION NO. 5:10cv78 |
| **SGT. KENNETH FOSTER, ET AL.** | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert McClure, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, McClure names Sgt. Kenneth Foster, Officers Darryl Fields and Richard Dancer, and Nurse Tonya Traylor.

McClure raised three claims in his lawsuit. These were: (1) he was not fed on August 28 by officer Field and an officer named Stinson who was not named in the lawsuit, nor on August 29 by officers Dancer and Fields, and Sgt. Foster knew about it; (2) he was denied proper medical care by Nurse Traylor; and (3) he received a false disciplinary case. The Magistrate Judge ordered the Defendants to answer the lawsuit, and the parties filed motions for summary judgment.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the Defendants' motion for summary judgment be granted and the lawsuit dismissed with prejudice. The Magistrate Judge stated that the deprivation of one or two meals did not amount to a constitutional violation; Nurse Traylor never treated McClure and cannot be held liable under *respondeat superior*; and, McClure did not show that the disciplinary case about

1

which he complains had been overturned or otherwise set aside, thus his claim regarding it was premature. With regard to tangential claims raised in the complaint, the Magistrate Judge determined that any retaliation claim which may have been raised was without merit; there was no constitutional violation in placing McClure in a suicide watch cell because McClure had attempted suicide by cutting his wrist; McClure had shown no harm in the brief delay in obtaining medical care after the suicide attempt; the conditions in the suicide cell did not violate the Constitution; and, the fact that medical personnel ordered dermabond when McClure believed that he needed stitches did not show deliberate indifference to a serious medical need. The Magistrate Judge also concluded that the Defendants were entitled to qualified immunity.

McClure filed objections to the Magistrate Judge's Report on January 26, 2011. In his objections, McClure contends that the fact that the guards were "not acting in good faith" by refusing to feed him and by not taking him for medical care immediately renders their actions unconstitutional. However, McClure's subjective opinion of the intent of the guards does not render acts unconstitutional which otherwise do not rise to the level of a constitutional violation. *See* Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991) (noting that deliberate indifference claims have two components, an objective one – is the deprivation sufficiently serious – and a subjective one – did the officials act with a sufficiently culpable state of mind). This objection is without merit.

Next, McClure complains that Nurse Traylor failed to provide him with toilet paper or an asthma inhaler while he was in the suicide cell. The summary judgment evidence showed that an officer named Kadzielski told McClure that she had no toilet paper, but she gave him a paper towel instead. The evidence also showed that it was the security personnel, not the nursing staff, which was responsible for the condition of the cell. McClure fails to challenge the Magistrate Judge's conclusion, but simply repeats the allegations of his complaint. This objection is without merit.

Similarly, McClure complains about the fact that the nursing staff gave him dermabond instead of stitches, stating that the problem was that people move their wrists constantly, and the

dermabond broke. The summary judgment shows that the medical staff had to tell McClure to stop picking at the dermabond. In any event, McClure's disagreement with the medical staff's professional determination that dermabond was appropriate for the cut on his wrist does not show that a constitutional violation occurred. This objection is without merit.

With respect to the asthma inhaler, the Magistrate Judge observed that McClure himself had said that he asked Officer Kadzielski for his inhaler, and Kadzielski told him that Nurse Stoner had instructed her that McClure could not have it. McClure did not show that Nurse Traylor was involved in the denial of the inhaler other than the fact that she was the nursing supervisor, and the Magistrate Judge concluded that McClure had shown no basis for *respondeat superior* liability based on this fact alone. In addition, the summary judgment evidence showed that Nurse Stoner had checked McClure for an asthma attack and determined that he was not having one. This objection is without merit.

McClure asserts that Nurse Stoner did not check him for asthma, stating that she never opened the cell door, and that the medical records do not reflect such a check, which he asserts is proof that this did not happen. The medical records contain no indication that McClure suffered an asthma attack, and the fact that Nurse Stoner did not open the cell door does not mean that she could not see him breathing. This contention is without merit.

McClure returns to his complaint about the conditions of the cell in which he was confined, attempting to distinguish his case from Davis v. Scott, 157 F.3d 1003, 1006 (5th Cir. 1998) by arguing that in Davis, the inmate received cleaning supplies, while he received none. It is true that Davis did receive cleaning supplies. However, the Fifth Circuit stated that this "mitigated any intolerable conditions," and the lawsuit was dismissed because Davis alleged no injuries as a result of his exposure to the conditions in the cell. Similarly, as the Magistrate Judge pointed out, McClure alleged no harm. His assertion that "the treatment itself is what the injury is" lacks merit.

Turning to the issue of the disciplinary case, McClure states that he gave "100 percent proof" that officer Dancer lied, noting that Dancer first said that the "cell door" was covered with a towel

but then that "the window" was covered with a towel. However, McClure acknowledges that this is not "a claim," but simply "evidence of inconsistencies." The Magistrate Judge correctly concluded that to the extent that McClure was raising a claim regarding false disciplinary cases, such a claim is foreclosed by the fact that he has not shown that these cases were overturned or otherwise set aside. McClure's objection on this point is without merit.

Finally, McClure asserts that he "set out the facts piece by piece" in his document and showed that there is a genuine issue of material fact, but that the Magistrate Judge "held him to the same standards as a lawyer." In fact, the Magistrate Judge carefully considered the summary judgment evidence in a lengthy and detailed report, giving due consideration to McClure's status as a *pro se* litigant. However, as the Fifth Circuit has observed, while the pleadings filed by *pro se* parties are held to less stringent standards than formal pleadings drafted by lawyers, *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment. Ogbodiegwu v. Wackenhut Corrections Corp., 202 F.3d 265, 1999 WL 1131884 (5th Cir., November 10, 1999). McClure's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the motions for summary judgment, the responses thereto, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion for summary judgment (docket no. 20) is GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice. It is further

**ORDERED** that any and all motions which may be pending in this civil action, specifically including but not limited to the Plaintiff's motion for summary judgment, are hereby DENIED.

**SIGNED this 14th day of February, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE